**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **THOMAS ANDREW HOLLIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:07-CV-47-WKW** |
| | ) | |
| **NURSE MOORE, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**RESPONSE AND WRITTEN REPORT OF DEFENDANTS'**
**DR. M.J. MENDEZ, NURSE L. MOORE, WARDEN W. COLLINS, AND**
**ASSISTANT WARDEN M. BRANTLEY TOPLAINTIFF'S COMPLAINT**

**COME NOW** the Defendants, Dr. M. J. Mendez ("Mendez"), Nurse L. Moore ("Moore"), Warden W. Collins ("Collins"), and Assistant Warden M. Brantley ("Brantley"), through undersigned counsel, and in accordance with this Court's Order of January 22, 2007, file this Response, and Written Report to Plaintiff's Complaint.

**PLAINTIFF'S COMPLAINT:**

This action is being brought by Plaintiff Thomas Andrew Hollis ("Hollis"). Hollis is a federal inmate being held in the Montgomery Municipal Jail. In this action, Hollis alleges in Ground One that he has been denied proper medical care for chronic medical conditions. In Ground Two, Hollis contends that he has presented proper medical records and has been treated at the Montgomery Municipal Jail for these conditions. Ground Three is an allegation that he was told by Nurse Moore that Dr. Mendez refused to see him. Hollis alleges that he has filed an inmate grievance at the Montgomery Municipal Jail. He wants medical treatment and $500.00 a day for each day he has been without medicine for pain and suffering.

Plaintiff submits the following as supporting facts to his cause of action:

Ground One: "I've been on Androgen therapy for several years. I've got chronic back pain from injuries that required surgery."

Ground Two: "Medical records from (1) Scripps mercy Hospital Chula Vista CA (2) Medical records from Bureau of Prisons FDC Seatac [sic] Seattle WA (3) Medical records from MCC, Sandiego [sic] CA. – See records from Scripps Mercy Hospital."

Ground Three: "As I've said above I filed grievance and many medical request, only to be denied."

**DEFENDANT'S RESPONSE:**

**I.     FACTS**

Plaintiff, Thomas Hollis became incarcerated at the Montgomery Municipal Jail on December 20, 2006. *(DX 1, Affidavit of Willie Collins).* On December 27, 2006, Hollis requested multiple medications during a visit with Dr. Marcial Mendez. *(DX 2, p. 08, Montgomery Municipal Jail Inmate Records for Thomas Hollis).* In this visit, Mendez asked Hollis to sign a release to obtain his previous records. *(DX 3, Affidavit of Dr. Marcial Mendez & DX 2, p. 08 & Montgomery Municipal Jail Inmate Records for Thomas Hollis).* On January 5, 2007, Thomas Hollis signed a medical records release showing that his records could be released to Mendez. *(DX 3, Affidavit of Dr. Marcial Mendez & DX 2, p. 19 Montgomery Municipal Jail Inmate Records for Thomas Hollis).* On January 22, 2007, Hollis requested to be continued on depo testosterone injections. *(DX 3, Affidavit of Dr. Marcial Mendez & DX 2, p.07 & Montgomery Municipal Jail Inmate Records for Thomas Hollis).* It was noted that he had been taking Androgel and depo testosterone previously; however, the Department of Justice, Federal Bureau of Prisons Pill Line Medication Sheet, did not show he had been taking depo testosterone. *(DX 3, Affidavit of Dr. Marcial Mendez & DX 2, p.20 & Montgomery Municipal Jail Inmate Records for Thomas Hollis).* Dr. Mendez attempted to contact the Federal Bureau of

Prisons for further clarification, and after several days of telephone calls, he was advised that Hollis had previously been taking depo testosterone.  *( DX 3 Affidavit of Dr. Marcial Mendez).* Mendez was told by the U.S. Marshal's Service that it had been left off the Justice, Federal Bureau of Prisons Pill Line Medication Sheet.  *(DX 3, Affidavit of Dr. Marcial Mendez).*  On January 25, 2007 Mendez met with Hollis.  During this visit, Mendez was accompanied by Defendant Brantley.  Mendez again discussed Hollis' request for depo testosterone.  Further, Mendez informed Hollis that a test was needed to determine his testosterone levels.  Mendez, in the presence of Brantley reviewed the results of the test with Hollis on January 29, 2007 and Mendez ordered 200mg IM of depo testosterone be given to Hollis on that same morning.  *(DX 3, Affidavit of Dr. Marcial Mendez, DX 4 Affidavit of M.E. Brantley & DX 2, p.05 & 06 Montgomery Municipal Jail Inmate Records for Thomas Hollis).*

Additionally, Hollis has alleged, in his complaint that, Defendant Moore told him that Mendez would not see him.  Nurse Moore never told Hollis that Mendez would not see him. Moore informed Hollis that he could not receive the depo testosterone shot, until Mendez had reviewed his medical records.  *(DX 4, Affidavit of Nurse Lucile Moore)*

**II.    APPLICABLE LAW**

While it is unclear from the Complaint which cause of action the Plaintiff is attempting to plead, the Court asserts in it's Order (Doc. No. 3) that the claim is brought under 42 U.S.C. §1983.  Based upon the facts alleged, the Defendant can only assume that the Plaintiff is attempting to allege a cruel and unusual punishment claim under the Eighth Amendment.

In Estelle v. Gamble, 429 U.S. 97, 101, 97 S. Ct. 285, 289 (1976)*,* the Supreme Court held that a prison official's "deliberate indifference to [the] serious medical needs of [a] prisoner [ ] constitutes the unnecessary and wanton infliction of pain … proscribed by the Eighth

Amendment." Estelle, 429 U.S. at 104, 97 S.Ct. 285 (quotation marks and citation omitted); *see* Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir.1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir.1999) (citation omitted); *see* Estelle, 429 U.S. at 106, 97 S.Ct. 285 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The *inadvertent* or *negligent* failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06, 97 S.Ct. 285.

For an inmate to maintain a § 1983 action for a violation of the prohibition against cruel and unusual punishment and to show that a prison official acted with deliberate indifference to serious medical needs, the inmate must satisfy both an objective and a subjective inquiry. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir.2000);  Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir.1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258;  Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834, 114 S.Ct. 1970; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363

### 1. Serious Medical Need

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)).  Such a medical need must be "one that, if left unattended, 'pos[es] a substantial risk of serious harm.'"

Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000)(quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

The treatment administered to Hollis was proper. Dr. Mendez delayed giving Hollis the shot until he could further clarify and review Hollis' previous medications and records. *(DX 2, p. 06 Montgomery Municipal Jail Inmate Records for Thomas Hollis)*. A physician should review a patient's medical records and history before prescribing a medication. Dr. Mendez began this review at Hollis' first request to receive medications. (*DX 3, Affidavit of Dr. M.J. Mendez & DX 2, p. 08 Montgomery Municipal Jail Inmate Records for Thomas Hollis)*. This review also included the clarification of the Department of Justice, Federal Bureau of Prisons Pill Line Medication Sheet. *(DX 3, Affidavit of Dr. Marcial Mendez)*. This is the official medication sheet that Mendez uses to determine the medication an inmate is receiving prior to their incarceration at the Montgomery Municipal Jail. *(DX 3, Affidavit of Dr. M.J. Mendez & DX 1, p. 20 Montgomery Municipal Jail Inmate Records for Thomas Hollis)*. This sheet listed the medications of Clonazepam, Seroquel, and Topomax. It did not list the medication depo testosterone. *(DX 3, Affidavit of Dr. M.J. Mendez & DX 2, p. 20 Montgomery Municipal Jail Records for Thomas Hollis)*.

In addition, Mendez consulted a urologist who agreed a test would need to be performed to determine the level of testosterone in Hollis' system. *(DX 3, Affidavit of Dr. M.J. Mendez & DX 2, p. 06 Montgomery Municipal Jail Inmate Records for Thomas Hollis)*. After Mendez had clarified and reviewed Hollis' records and had received the results from the testosterone test, Hollis was given a depo testosterone shot on January 29, 2007. *(DX 3, Affidavit of Dr. M.J. Mendez & DX 2, p. 05 & 09Montgomery Municipal Jail Inmate Records for Thomas Hollis)*. He has had no more complaints or grievances regarding depo testosterone during his incarceration at

the Montgomery Municipal Jail. *(DX 1 Affidavit of Willie Collins & DX 2, Montgomery Municipal Jail Inmate Records for Thomas Hollis).*

    2.    *Deliberate Indifference*

    "A prison official cannot be found deliberately indifferent under the Eighth Amendment 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" <u>Farrow</u>, 320 F.3d at 1245 (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994))(emphasis removed)."Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." <u>McElligott v. Foley</u>, 182 F.3d 1248, 1255 (11th Cir. 1999). "Medical treatment that is 'so grossly incompetent, inadequate, or excessive as to shock the conscious or to be intolerable to fundamental fairness' constitutes deliberate indifference." <u>Adams v. Poag</u>, 61 F.3d 1537, 1544 (11th Cir. 1995)(quoting <u>Rogers v. Evans</u>, 792 F.2d 1052, 1058 (11th Cir. 1986)).

    As previously stated, Hollis' allegations indicate that he did not agree with Dr. Mendez in waiting to review the medical records and perform the testosterone levels test. However, Hollis has failed to state any claim that rises to medical treatment so egregious or inadequate to "shock the conscious or to be intolerable to fundamental fairness" <u>Adams v. Poag</u>, 61 F. 3d 1537, 1544 11th Cir. 1995). Some of the possible symptoms of a person having low testosterone would be a decreased sex drive, the inability to have an erection, and fatigue. This condition does not pose a risk of serious harm such that a finding of deliberate indifference would be unsubstantiated.

    It is clear that from the very first time Hollis mentioned that he wanted depo testosterone, Dr. Mendez began his review of his previous medical records, incarceration records, and the

Department of Justice, Federal Bureau of Prisons Pill Line Medication Sheet.   Dr. Mendez ordered the shot once he had obtained all of the information he needed.  There is no evidence to support Hollis' complaint that Mendez's treatment for his hypogonadism amounts to a constitutional violation for cruel and unusual punishment.  The allegations of Hollis and facts do not support a conclusion that Dr. Mendez discharged intention or reckless harmful acts. See Farmer v. Brennan, 511 U.S. 825, 833-38, 114 S.Ct. 1970, 1977-79, 128 L.Ed.2d 811 (1994); Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir.1996) (stating that deliberate indifference is equivalent of recklessly disregarding substantial risk of serious harm to inmate); Adams, 61 F.3d at 1543 (stating that plaintiff must show more than mere negligence to assert an Eighth Amendment violation); Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1191 n. 28 (11th Cir.1994) (recognizing that Supreme Court has defined "deliberate indifference" as requiring more than mere negligence and has adopted a "subjective recklessness" standard from criminal law); Qian v. Kautz, 168 F.3d 949, 955 (7th Cir.1999) (stating "deliberate indifference" is synonym for intentional or reckless conduct, and that "reckless" conduct describes conduct so dangerous that deliberate nature can be inferred).

## III.   DAMAGES

Hollis has asked for treatment for his chronic illnesses and $500.00 a day for each day he has been without medication for pain and suffering.  Hollis is not entitled to any damages in this case because his test results never indicated he was testosterone deficient. From the very first time Hollis requested depo testosterone, Dr. Mendez began a review of Hollis' previous medical history.  Once Mendez had verified that Hollis had received testosterone injections in the past, completed his review of records, and received the results of the testosterone test, he was given a depo testosterone shot.  Hollis received the shot at Dr. Mendez's next visit to the jail of January

29, 2007. Some of the possible symptoms of a person having low testosterone would be a decreased sex drive, the inability to have an erection, and fatigue. This condition does not pose a risk of serious harm such that a finding of deliberate indifference would be unsubstantiated.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants aver that the Complaint fails to state any cause of action upon which relief can be granted and deny that Plaintiff is entitled to any relief.

### SECOND AFFIRMATIVE DEFENSE

Defendants plead the general issue.

### THIRD AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff was provided proper medical treatment and standard of care.

### FOURTH AFFIRMATIVE DEFENSE

Defendants plead insufficiency of service of process.

### FIFTH AFFIRMATIVE DEFENSE

Defendants plead qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

Defendants please discretionary function immunity.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants plead that the claims made by Plaintiff are completely without merit and should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e) (2) (B) (i).

### RESERVATION OF DEFENSES

The Defendants reserve the right to plead additional defenses as they become known in

the course of discovery.

Respectfully submitted this the 2nd day of March, 2007.

/s/Wallace D. Mills
Wallace D. Mills,
Assistant City Attorney

**OF COUNSEL:**
City of Montgomery
Legal Department
103 N. Perry St.
Montgomery, AL 36104
334.241.2050
FAX 334.241.2310

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing Response and Written Report to the following by electronic mail or placing a copy of same in the United States Mail, postage, prepaid, this 2nd day of March, 2007:

Thomas Hollis, D5
Autauga County Metro Jail
136 N. Court Street
Prattville, AL  36067

_/s/ Wallace Mills_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS ANDREW HOLLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:07-CV-47-WKW |
| | ) | |
| NURSE MOORE, et al., | ) | |
| | ) | |
| Defendant. | ) | |

<u>AFFIDAVIT OF WARDEN WILLIE COLLINS</u>

Before me, the undersigned authority, personally appeared Willie Collins, who is known to me and who, being first duly sworn, deposed on oath, and says as follows:

My name is Willie Collins. I am over nineteen years of age. I have been employed with the City of Montgomery as Warden of the Montgomery City Jail since December 7, 2001. It is in that capacity that I state the following:

1.     Thomas Hollis was incarcerated at the Montgomery Municipal Jail December 20, 2006 through February 26, 2007.

2.     During this incarceration, Thomas Hollis filed two inmate grievances. His first grievance was written on January 3, 2007, and the second grievance was written on February 12, 2007.

3.     Mr. Hollis' grievance of January 3, 2007, was in relation to medication that he had been taking while in the Bureau of Prisons in San Diego, California. His grievance stated that Dr. Mendez told Nurse Moore to get the records from this institution and she refused to do it.


DEFENDANT'S
EXHIBIT
1

3.     I responded to Mr. Hollis' grievance on January 5, 2007, wherein I informed him that he was unable to give appropriate information to confirm the request. I advised that the U.S. Marshal Service had been contacted and we were awaiting their response. I informed Mr. Hollis he could make his request and follow up with the doctor on his visiting days. This grievance was granted because efforts were being made to confirm the medications with the U.S. Marshal Service. I informed Mr. Hollis, that once this confirmation was received, the doctor would establish a treatment plan for the medicine.

4.     The grievance that Mr. Hollis filed on February 12, 2007, was in regard to him being found in an area where a serious violation of jail policy was underway. This grievance was not in relation to Mr. Hollis' medication requests.

5.     Attached to this Affidavit are copies of the two grievances Mr. Hollis filed while housed in the Montgomery City Jail.

I have read the above and foregoing affidavit consisting in total of three (2) pages and state that it is true and correct to my present knowledge and information.

_____
Willie Collins, Warden

**SWORN to and SUBSCRIBED before me this the** 2nd **day of March, 2007.**

_____
Notary Public
My Commission Expires _07/11/07_

## INMATE GRIEVANCE

**HOLLIS, Thomas**

02/13/07

This is the response to your grievances in which you allege that you found guilty unfairly.

Be advised that you were found in an area where a serious violation of jail policy was underway. You made no effort to leave the area until you were found out by jail officers. There is nothing to support your reason for being in this area that shows you are innocent of the charges or other charges. Your rights were not violated and your finding of guilty is upheld.

However, based on information received, and other factors it is my decision to grant your release on time served. Any further violation and finding of guilty will result in being charged with repeated offense and you will be returned to isolation for the remainder of this finding plus any additional time received.

W.R. Collins, Jail Administrator

## INMATE GRIEVANCE FORM

Instructions:

Fill in all the information requested down to the bottom line. In describing the grievance or complaint, give as much information as possible. List the names of any persons involved, the date or dates of the relevant events, and the specific location of the events or conditions. When you have finished filling out the form, give it to a jail staff member.

### (PLEASE PRINT CLEARLY)

Inmate(s): THOMAS Hollis                    Date: 2-12-07

Grievance: WAS PLACED iN SegRegATioN FoR AN INFRACTioN I Didn't commiT

Date of event or condition: 2-11-05

Time of event or condition: 2245

Place of occurrence: 5-Cell + DooKiNg RooM

Give detail of grievance:

I exPlAiNed To CoheN + Reed THe ReAsoN I wAs iN Cell 211. IT wAs CoRRAbARAted By seveRAl INmAtes. I'm BeiNg held FoR SomethiNg I did Not do. WARdeN I stRAiHteN the CivAl ActioN. ITs dismissed. I'm AsKiNg FoR to PleAse ReleAse me

Witnesses:

Inmate signature: _____          Date: 2-12-07

INMATE GRIEVANCE

**HOLLIS, Thomas**

01/05/06

This is the response to your grievance in which you allege that you were not given prescribed medication. You allege that this medication was given to you at the Federal Detention Center. Finally you allege that the nurse refuses to get your records from the BOP.

A review of your situation coupled with the nurse's response reveals that you were unable to give appropriate information to confirm request. The nurse made attempts to the US Marshal and is waiting an answer. You can make your request and follow up with the doctor on his visiting days.

Your grievance is granted in that efforts are being made to confirm your medication from the US Marshall Service. When and if this confirmation is received, the doctor will establish a treatment plan for the medicine.

W.R. Collins, Jail Administrator

Inmate(s): Thomas Hollis                    Date: 1-3-07

Grievance:

Date of event or condition: LAST 7 DAY'S + ONGOING

Time of event or condition: Since seeing DR Mendez

Place of occurrence: Montgomery City JAIl

Give detail of grievance:

I've Been on Depo Testosterone Injects,
in THE Bureau of Prison's AT
Metro Correctional Center, San diego.
DR. Mendez told Nurse Moore to
get THE Records FROM THIS Institutin
she Refuses to do IT. I need my
medicine. I've Been on Androgen Therapy
FoR YEARS. I don't want ANY Problems Just
my medicine

Witnesses:

DR Mendez

BoP Doctors At Metropolitan Correctional Cente.
San Diego.

Inmate signature: [signature]                Date: 1-3-07

Clark
1-3-2007
17:01

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

THOMAS ANDREW HOLLIS        )
                            )
      **Plaintiff**       )        Case No. 2:07cv47
                            )
v.                          )
                            )
NURSE MOORE, DR. MENDEZ     )
WARDEN COLLINS & ASSISTANT  )
WARDEN BRANTLEY             )

## CERTIFICATE OF AUTHENTICITY

    I hereby certify that the attached is a true and complete copy of the medical records

pertaining to Thomas A. Hollis, DOB: 6/19/67, kept in the Montgomery City Jail during his most

recent incarceration from 12/20/06 – 02/26/07.

    I further certify that all records of the inmates in this facility are in the care, custody and

control of the administration, and made in the regular course of business, at the time of the

events, transactions or occurrences to which they refer, or within a reasonable time thereafter.

    Signed this the _2_ day of _March_ , 2007.


                                   _____
                              CUSTODIAN OF INMATE RECORDS

    SUBSCRIBED AND SWORN TO before me on this the 2nd day of _March_ ,

2007.


                                   _____
                              NOTARY PUBLIC

RETURN THIS NOTARIZED CERTIFICATE AND RECORDS TO:  City of Montgomery
Attorney's Office, P. O. Box 1111, Montgomery, AL  36101-1111

1



DEFENDANT'S
EXHIBIT

_2_

Thomas, Hollis
DOB: 6/19/69

NURSES NOTES

| DATE | NOTES |
|------|-------|
| 2/26/07 | Escorted to office approx 1300 C/o feeling sick. Stated have ↑ temp. Temp 101². Given ♀ ES Tylenol. Advised to ↑ fluids and let staff know if not better. ————— A McHugh |

Thomas, Hollis
was sent out @ 5050
(about) for c/o chest pain
B/P 170/80 . 110-120 pulse, 24-28
resp. Temp. 100.7 . pt vomiting
Brownish liquids about
100-120 cc in my view.
Dr. Mendez notified @
Home of pt status about
1950 -2000. Pt was sent
to Jackson Hospital ER
Dr. Mendez aware. Dictated
Transfer

000002

THOMAS HOLLIS
DOB: 06/19/67

02/23/07: Federal: Here today for follow up from having been seen in the
ER. Apparently he cut his right wrist – this was a self-inflicted wound.
Also he complains of back pain. He said he has been sleeping on the floor.
He had two mattresses but according to him one mattress was taken away.
He also complains of a "sinus infection".

PE: He is afebrile. He has on the flexor aspect of the right forearm just
proximal to the wrist approximately 3-cm laceration. It is sutured and
healing with no evidence of infection. Also he has tenderness to the
lumbosacral area. Full ROM of the spine. Muscle strength appears to be
intact. Normal ambulation.

TMs show a red tympanic membrane bilaterally and also exudates
bilaterally. Throat is red.

A: and P:
1. Laceration to the right forearm. Daily dressing changes. Follow
   up in 7-days.
2. Chronic low back pain – we will make sure that he has an extra
   mattress and that he does not sleep on the floor. We will try to get
   him a bottom bunk. I have written that in the orders. ULTRACET
   two p.o. t.i.d. x 5 days, Soma 350 mg one p.o. t.i.d. x 7 days. We
   will also get a suicide evaluation so he can be moved from suicide
   watch.
3. Sinusitis/pharyngitis – AMOXIL 500 mg one p.o. t.i.d. x 10 days,
   MEDENT LD one p.o. b.i.d. x 10 days.
4. NOTE: He was given MORPHINE in the ER and SEROQUEL
   and KLONOPIN at lower doses than what he is getting now. I told
   him that I would give him his regular KLONOPIN and regular
   SEROQUEL the way he has been getting it before, which is
   actually higher than what was written in the ER. Apparently the
   ER doctor did not understand him and wrote for a lower dosage.
   Also he was given by the ER physician MORPHINE. I explained
   to him that I could not give MORPHINE here but I would give him
   ULTRACET as stated above. He is in full agreement with that.
5. NOTE: After talking with the patient I started going through his
   chart and I am concerned about the amount of medication that he is

000093

taking. I have removed SOMA but will give him the ULTRACET
and all the other medications. I discussed this with the patient and
he is okay with this.

THOMAS HOLLIS
DOB: 06/19/67

01/29/07: Federal: Here today to review his results for his hypogonadism
specifically his testosterone level. He had a total PSA, which was 0.59 –
normal. Testosterone was 3.78 with normal being 2.8 - 8.0 and free
testosterone was 10.4 with normal being 8.8 – 27.0.

A: and P:
1. We will give him 200 mg IM of DEPO TESTOSTERONE this
   morning. We will repeat the amount in 14 days. I have advised
   him to check a level in a month from today.
2. Also patient handed me an envelop in which he dismisses the
   complaint that he filed in the U. S. District Court against me, nurse
   Moore, and others here at the city jail. He put it in the envelope
   and sealed it. I explained to him that I couldn't mail it for him.
   Would he please open the envelope so I could make a copy of it
   and so could the assistant warden. He said that would not be a
   problem and he gladly opened up the envelope for us to make a
   copy of the said letter. There will be a copy put in his chart. Ms.
   Motley was witness to the entire proceedings.


_____
Marcial J. Mendez, M. D.
Montgomery City Jail

000005

THOMAS HOLLIS
DOB: 06/09/67

01/25/07: Federal: Please refer to previous notes. He was here today again
to discuss his testosterone. I explained to the patient that I did order his
medication, however after speaking to a urologist it was decided that it
would be more prudent before he received the testosterone that we check a
testosterone level. Therefore, I have ordered a testosterone level, free
testosterone, and a PSA. I explained to him that if his levels are low we
would give him the medication. In fact, I showed him that we have ordered
the medication. I even showed him the actual vial of DEPO
TESTOSTERONE. He became very belligerent and said why can't she go
by my previous records before my last place of incarceration. I explained to
him that the last records that we received on him from his previous place of
incarceration in California shows that he is only on CLONAZEPAM,
SEROQUEL, and TOPAMAX. Again, I explained to him that the only
information that I have is the information from his previous place of
incarceration. I again explained to him that we would draw a level today
and if the levels are low I would be happy to give him the medication.

He became very belligerent and left and slammed the door.

Nurse Moore and Assistant Warden Brantley were present during the visit
and witnessed everything. I have asked Assistant Warden Brantley to speak
with the patient later after he is calm and see if he will agree to let us draw
his blood so that we can check his levels and proceed with this.

Marcial J. Mendez, M. D.
Montgomery City Jail

**000006**

THOMAS HOLLIS
DOB: 06/19/67

01/22/07: Federal: Here today complaining of cough and congestion. He also wants to be started on DEPO TESTOSTERONE injections – please refer to previous notes.

PE: He is afebrile. BP – 120/80. Pulse 86. Respirations 16/min. TMs negative. Throat negative. Head congestion. Neck supple. Cardiopulmonary clear.

A: and P:
1. Sinusitis/possible bronchitis. We will start Z-PAK 250 mg two p.o. the first day, then one p.o. daily x 4 days. MEDENT DM one p.o. b.i.d. x 7 days.
2. Hypogonadism. He had been on ANDROGEL before. Looking at his previous records from his previous place of incarceration he was also on DEPO TESTOSTERONE 200 mg IM every 14 days. We will start that also.

Marcial L/Mendez, M. D.
Montgomery City Jail

000007

THOMAS HOLLIS
DOB: 06/19/67

12/27/06: Federal: Here today requesting multiple medications – please refer to previous notes. I have asked him to sign a release and whatever medications he is on we will put him on those medications.


_____

Marcial J. Mendez, M. D.
Montgomery City Jail

NURSES NOTES

Hollis, Thomas
DOB: 6/19/67

| DATE | NOTES |
|---|---|
| 1/22/07 | Seen by MD c/o cold. See new order. _AMott C. LP_ |
| 1/25/07 | Above inmate seen by Dr. Presley, PA (Continuolos) an Depo injection _[illegible]_ |
| 1/25/07 | 9:11:15 Lab drawn _[illegible]_ |
| 1/25/07 | Offered 0100 c/o chest pains while [illegible] as to Cell, discussing medication esco by to nurse office. At 1110/90 refused jewelry and watch c/o chest pain stated he didn't want no medicine he wanted to see the Dr. he was advised that he saw the Dr. this morning [illegible] he said why he won't give me my medicine if [illegible] you draw my blood & no reasons from this writer. _[illegible]_ |
| 1/29/07 | Seen by MD today. Reviewed lab results. 1cc testosterone (Depo) given IM in ® buttock. Tol well _AMottey, LP_ |
| 2/14/07 | 200mg Depo testosterone IM in ® buttock. _A Mott Q. LP_ |

NAME _____

DOB _____

| DATE | CLINICAL RECORDS/DOCTORS PROGRESS NOTES |
|------|------------------------------------------|
| 12/27/06 | # _illegible_ |
|  | Sign release for _illegible_ |
|  |  |
| 1/22/07 | See _illegible_ |
| 130/80 | _illegible_ / _illegible_ |
| P 86 | Z-Pak - 250 _illegible_ |
| R 16 | # PO 1 x day |
| 98.6 | Then # PO daily x 4 day |
|  | _illegible_ PM # PO QHS |
|  | x 7 day |
|  | Depo Testosterone injectible |
|  | 200 y IM (_illegible_) |
|  | q 14 day |
|  | Klonopin 1 mg # PO MDX 60y |
|  |  |
| 1/25/07 | See _illegible_ |
|  | Free ~~Testosterone~~ |
|  | # - serum Testosterone |
|  | - serum free Testosterone |
|  | - PSA |

000010

DOCTORS PROGRESS NOTES

NAME _____ Thomas

DOB _____ 6/19/67

| DATE | CLINICAL RECORDS/DOCTORS PROGRESS NOTES |
|------|------------------------------------------|
| 12/21/06 | Clonazepam 1 mg 1 PO BID X 90 dy |

000011

----------------*Montgomery Municipal Jail*----------------

## *Physicians' Order*

NAME: Hollis, Thomas          D.O.B. 6/19/67

SIG. 1) Topamax 100mg ꝃ PO BID
2) ~~Seqt~~ Seroquel 200mg ꝃ PO HS
3) Clonazepam 1mg ꝃ PO BID

DATE: 12/16/06          Physician Signature: Dr. Goforth

SIG. Clonazepam 1mg ꝃ po bid (X 90 days)

DATE: 12/21/06          Physician Signature:

SIG. 1) Z-pak 250mg ꝃ PO 1st day then ꝃ daily x 4 days
2) Medent DM ꝃ PO BID x 7 days
3) Depo testosterone injectible 200mg IM q 14 days
4) Klonopin 1mg ꝃ PO TID x 60 days

DATE: 1/22/07          Physician Signature:

SIG. Serum Testosterone, Serum Freetestosterone
PSA

DATE: 1/25/07          Physician Signature:

000012

## Montgomery Municipal Jail

### Physicians' Order

NAME: _Collis Thomas_        D.O.B. _6/19/67_

SIG. _Ultracet 1 po tid x 5 day_
_Soma 350 mg 1 po tid x 7 day_
_Amoxil 500mg 1 po tid x 10 day_
_Trazodone 1 po bid x 10 day_        Physician Signature:

DATE:

SIG. _Extra Mattress_

DATE: _____        Physician Signature: _____

SIG.

DATE: _____        Physician Signature: _____

SIG.

DATE: _____        Physician Signature: _____

**000013**

# MEDICATION ADMINISTRATION RECORD

| MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Topamax 100mg ī PO BID 12/16/06 | 0900 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | 31 |
| | 1900 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | 30 | 31 |
| Seroquel 200mg ī PO HS 12/16/06 | 1900 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | 30 | 31 |
| Clonazepam 1mg ī PO BID 12/16/06 | 0900 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | 31 |
| | 1900 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | 30 | 31 |
| Clonazepam 1mg ī PO TID x 60days 1/22/07 | Jan. 2007 0900 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | 30 | 31 |
| | 1100 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | 30 | 31 |
| | 1900 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | 30 | 31 |
| Z-pak 250mg ī PO 1st day then ī PO daily x 4days 1/22/07 | 0900 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | 30 | 31 |
| Medent DM ī PO BID x 7days 1/22/07 | 0900 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | 30 | 31 |
| | 1900 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | 30 | 31 |
| Depo Testosterone injectible 200mg IM q14days 1/22/07 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | 30 | 31 |

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| CHARTING FOR | | THROUGH | |
|---|---|---|---|
| Physician | | Telephone No. | Medical Record No. |
| Alt. Physician | | Alt. Telephone | |
| Allergies | | Rehabilitative Potential | |

Diagnosis

| Medicaid Number | Medicare Number | Approved By Doctor: | | | |
|---|---|---|---|---|---|
| | | By: | | Title: | Date: |
| RESIDENT  Hollis, Thomas | | D.O.B. 6/19/67 | Sex | Room # | Patient Code |
| | | | | | Admission Date |

000014

DATE: 2-20-07

YOUR DIAGNOSIS / CARE NOTES

1. _Laceration Palm_
2. _____
3. _____

Treatment Rendered:

❏ X-Ray  ❏ EKG  ❏ Medication  ❏ Tetanus

❏ Sutured  ❏ Lab Test  ☒ Exam  ❏ Hypertet

❏ You were given a medication which may make you sleepy or less alert. You should not drive, operate heavy machinery or drink alcohol for 24 hours.

❏ **NO DRIVING TODAY**

❏ You were given a prescription for an antibiotic. Continue to take the medicine until gone unless otherwise instructed, **even if symptoms disappear.**

❏ If your pain is not adequately relieved or you are having persistent nausea or vomiting or excessive drowsiness please call your physician or return to the Emergency Department.

**IMPORTANT NOTICE: Your x-ray has been read and reviewed. Final review by the radiologist is pending. Follow up with your primary care doctor for final interpretation.**

---

Specific Instructions:

(1) Stitches out in 10 days
(2) Keep clean + dry
(3) See the doctor as scheduled on Friday

_Larry Colbert_
Discharge Physician

---

Follow-up with

❏ Your Doctor _____

❏ Return to Jackson ED on _____

We Are Referring You To:

Dr. _____ Call _____

for an appointment on _____

If you become worse or do not get better in 1 - 2 days see the doctor treating you or return to the emergency department.

Instructions Received By:

X 9/t Caskill #1685 (MPD)

relationship to patient _Officer_

☒ Voiced understanding of instructions

Patient Left:

☒ Ambulatory  ❏ Crutches  ❏ Stretcher
❏ Wheelchair  ❏ With Driver  ❏ Carried

_Debbie Smith_ RN
Discharge Nurse

Jackson Hosp
Emergency Department

Certificate for Return to Work or School

HOLLIS, THOMAS ANDREW
22-87-80 0705100416 06/19/67 39Y M
EMR -        S      EMR
O MARA, STEVEN G        02/20/07

❏ NA

Has been under my care on ___/___/___ and is able to return to work/school on ___/___/___. The patient's work limitations are: _____

_____
Discharge Physician

---

ED Discharge Form

Patient Name
HOLLIS, THOMAS ANDREW
22-87-80 0705100416 06/19/67 39Y M
EMR -        S      EMR
O MARA, STEVEN G        02/20/07

ALLERGIES

Check Box If ☐ NKDA



**JACKSON HOSPITAL**

1725 Pine St Montgomery AL 36106-1117 334-293-8000

If none, check this box ☐

**VOID IF NOT PRINTED WITH CRANBERRY BACKGROUND**

| Name/Strength | Number | Schedule/Duration | No Refills | Re |
|---|---|---|---|---|
| 1. morphine  30 mg (65x)  i po bid | | | ☒ | |
| 2. klonopin  1 mg  #6 (six)  i po bid | | | ☒ | |
| 3. seroquil  25 mg  # 2 (two)  i po qhs | | | | |
| 4. | | | | |

Dispense as written - Signature     _Larry Colbert_ / _M Marson_     Print Name and DEA# 2577     B0236074

Substitution allowed - Signature

ED Discharge Form

Top - Patient    Bottom - Chart    2-5327-2, 12/05

000015

NAME *(illegible handwriting)*
DOB *(illegible handwriting)*

| DATE | CLINICAL RECORDS/DOCTORS PROGRESS NOTES |
|------|------------------------------------------|

2/23/07 *(illegible handwritten clinical notes)*

No top bunk.

No sleeping on floor

extra mattress

Ultract #50 TID X 5 days

Soma 350 #50 TID X 7 days

*(illegible)*

Amoxil 500 #T PO TID X10d

*(illegible)* Robinx10d

Hullis, Thomas
DOB. 6/19/67

NURSES NOTES

| DATE | NOTES |
|------|-------|
| 1/22/07 | Seen by nurse c/o cold. See nurse order. *[illegible signature]* |
| 1/25/7 | Above inmate seen by Dr. *[illegible]*. Continued on *[illegible]* infection *[signature]* |
| 1/25/7 | 0.9/1/5 *[illegible]* drawn *[signature]* |
| 1/25/7 | Exposed 0.9/1/20 c/o Chest pains while I was at IH Cell dispensing medication escorted to nurse office BP 110/90 *[illegible]* Tylenol and return to form *[illegible]* stated he didn't want the medicine he wanted to see his Dr. He told this writer that he saw the Dr. this morning that he said why he won't since he my medicine after you draw my blood? No response from this writer. *[signature]* |
| 1/29/07 | Seen by NP today. Reviewed lab results. 1 cc testosterone (Depo) given IM in R buttock. Tol. well *[signature]* |
| 2/14/07 | 200mg Depo testosterone IM in R buttock. *[signature]* |
| 2/23/07 | *[illegible]* Dr. Henderson for F/U *[illegible]* Ex. *[illegible]* no complaint *[signature]* |

000017

# MONTGOMERY CITY JAIL
## MEDICAL SERVICES

**CONVALESCENT AND CHANGE IN WORK CLASSIFICATION STATUS**

**TO: ALL CONCERNED**                    DATE: 10/21/7

**INMATE NAME:** Thomas Holt's    **CELL:** 2

( ) **BED REST FROM:** Extra mat    **TO:** due to

( ) **REASON:** back Surgery

( ) **CONVALESCENT:** List any restricted activity for medical reason _____

_____

( ) **RESTRICTED DUTY:** specify exact restriction _____

_____

( ) **INSTRUCTIONS/SPECIAL NEEDS:** _____

_____

_____

**AUTHORIZED SIGNATURE**

**Original - medical record**          **Copy - Inmate**

000018

MONTGOMERY POLICE DEPARTMENT
THE MONTGOMERY MUNICIPAL JAIL

AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

I _Thomas Hollis_ , request _MCC Corr Facility_ to release
any information they may have acquired while attending me for medical, dental, or
psychiatric problem to:

Dr. Marcial Mendez (Jail Physician)
P.O. Drawer 159
Montgomery, AL 36104
Phone: (334) 241-2645   Fax: (334) 241-2864

*I UNDERSTAND THAT INFORMATION RELEASED MAY CONTAIN
SENSITIVE INFORMATION CONCERNING PSYCHOLOGICAL, DRUG,
ALCOHOL AND/OR AIDS TESTING.

I understand my records are protected under state and/or federal privacy laws and cannot
be disclosed to any other outside party without my written consent unless otherwise
provided for by state or federal law.  Records received will be kept within the patient's
medical file within the facility medical unit and be used in the ongoing provision of
health care services.

Please send requested documents
on the following patient:

Patient Name: _THOMAS Hollis_                    Birth Date: _6-19-67_

Social Security Number: _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_

Date(s) of Services: _Sept - Nov, 2006_

Inmate's Signature: _Thomas Hollis_              Date: _1-5-07_

Witness: _A. Boone, RN_                           Date: _1/05/07_

This authorization may be revoked in writing at any time by the patient or his/her legal representative.
Such revocation shall not apply retroactively to any previous disclosures made based on the original
authorization.  Unless revoked, this authorization shall be effective for a period not to exceed 60 days from
the date of authorizing signature.

* FEDERAL REGULATION (42 CFR PART 2) PROHIBIT DISCLOSURE OF SENSITIVE
INFORMATION WITHOUT THE CONSENT OF THE PERSON TO WHOM THE
INFORMATION RELATES.

U.S. DEPARTMENT OF JUSTICE — Federal Bureau of Prisons — PILL LINE MEDICATION SHEET

BP-621
FEBRUA

PHARMACY SERVICES
FTC OKLAHOMA, OK 73189
RX# 456175  DR. GOFORTH,  12/16/06
HOLLIS, THOMAS 3DSC
10018002
TAKE ONE TABLET TWICE A DAY
10018-002

GENERIC FOR: KLONOPIN 1MG TAB
CLONAZEPAM 1MG TAB
KWO  NO REFILLS          # 60
EXPIRES: 01/16/07

PHARMACY SERVICES
FTC OKLAHOMA, OK 73189
RX# 456176  DR. GOFORTH,  12/16/06
HOLLIS, THOMAS 3DSC
10018002
TAKE ONE TABLET AT BEDTIME
—— CONTINUED IN TRANSIT ——

SEROQUEL 200MG TAB
KWO  1 REFILL(S)          # 30
EXPIRES: 01/16/07

PHARMACY SERVICES
FTC OKLAHOMA, OK 73189
RX# 456177  DR. GOFORTH,  12/16/06
HOLLIS, THOMAS 3DSC
10018002
TAKE ONE TABLET TWICE A DAY
—— PILL LINE ——
10018-002

TOPAMAX 100MG TAB
KWO  1 REFILL(S)          # 60
EXPIRES: 02/16/07

I have answered all questions truthfully and to the best of my ability.

TO DR Mendez/Nurse Moore

ITS Been Almost a Month
Since My Last 200 mg oF
Depo Testosterone. I get It
EveRy 14 dAys. you KNow
Ive Been On Androgen
THeRApy FoR over 13 yeARs

THomAS Hollis

Also. I need ZAntAc
& BRead w milk.

TO - NURSE MOORE

From Thomas Holl... - 10018-002

It's in my
In my
records

I forgot to mention my
BLAND W MILK TRAY. Today, I
need It. Please. Also, THE
PRISON THAT PUT me ON
Dopo Testosterone. 200 mg Every
14 dAys guns.

METROPOLITAN CORRECTIONAL
CENTER - MCC SAN diego, CA

000022

# MONTOMERY CITY JAIL
## MEDICAL SERVICES

**CONVALESCENT AND CHANGE IN WORK CLASSIFICATION STATUS**

TO: ALL CONCERNED                    DATE: _10/23/7_

INMATE NAME: _Thomas Hollis_    CELL: _2_

( ) BED REST FROM: _Extra mat_    TO: _due to_

( ) REASON: _back Surgery_

( ) CONVALESCENT: List any restricted activity for medical reason _____

_____

( ) RESTRICTED DUTY: specify exact restriction _____

_____

( ) INSTRUCTIONS/SPECIAL NEEDS: _____

_____

_Everett 2g_

**AUTHORIZED SIGNATURE**

Original - medical record                    Copy - Inmate

000003

Preliminary Report

SCRIPPS MERCY HOSPITAL CHULA VISTA

HISTORY AND PHYSICAL

PATIENT: HOLLIS, THOMAS
MR#: 000700405798            ACCT#: 000100362003
DATE OF ADMISSION: 12/05/2006

PRIMARY CARE PHYSICIAN:
None.

This is an EA patient.

CHIEF COMPLAINT:
Abdominal pain.

HISTORY OF PRESENT ILLNESS:
Mr. Hollis is a pleasant 39-year-old male who is currently in
prison. The patient has a history of chronic lower back pain and
back surgery. Also history of seizure disorder and hypogonadism.
The patient presented to hospital with acute onset of right
lower quadrant pain and fever. Eventually, the patient was taken
to surgery yesterday for exploratory laparotomy. The patient was
found to have acute appendicitis. Currently, the patient is
feeling better, but still he refers significant right lower
quadrant pain. The patient has a known history of seizure
disorder. The patient used to take Dilantin in the past, but he
had what appeared to be gum hypertrophy and tooth decay, and
eventually medication was discontinued. The patient has
hypogonadism, and he is on Depo-testosterone 200 mg IM twice a
month. The patient also has chronic lower back pain.

PAST MEDICAL HISTORY:
Seizure disorder, hypogonadism, and chronic lower back pain.

SURGERIES:
Lower back surgery.

CURRENT MEDICATIONS AND DOSES:
He is on:
1.  Topamax 100 mg p.o. b.i.d.
2.  Klonopin 1 mg p.o. t.i.d.
3.  He is on BuSpar at unknown dose.
4.  Doxepin.

The last 2 medications were started recently at Promise Hospital
in San Diego. The patient, however, is refusing to take these
medications at this time. The patient denies any psychiatric
disorder.

ALLERGIES:
REGLAN AND PROMETHAZINE, ALSO TO COMPAZINE.

TOXIC HABITS:
Denies any drinking, smoking and just occasional marijuana use.

000024

BF109

# MEDICAL SUMMARY OF FEDERAL PRISONER/ALIEN IN TRANSIT
## U.S. Department of Justice

| TB Clearance   Yes |
|---|

1) PPD: _____
   Results: _____

2) CXR: 12/01/2006
   Results: Negative

3) Health Authority
   Clearance: Yes

_Sign_ _____  _Date_  12/15/06

Note: Dates listed above must be within
one year of this transfer.

## I. PRISONER/ALIEN

| | | |
|---|---|---|
| **Name:** THOMAS/HOLLIS | **Prisoner/Alien Reg. #:** BOP#10018002 | **D.O.B.:** 06/19/1967 |
| **Departed From:** DIHS San Diego, CA | **Date Departed:** 12/15/2006 | |
| **Destination:** AIRLIFT | **Reason for Transfer:** PERM OUT | |
| **Dist. Name:** . | **Dist. #:** | **Date in Case:** 12/01/2006 |

## II. Current Medical Problems

1. Med/Psych Alert
2. Allergy - Medication - Medication
3. _____
4. _____
5. _____

| | | | Current Medications | |
|---|---|---|---|---|
| **Medication** | **Dose** | **Route** | **Instructions for Use** | **Stop** |
| Klonopin no data | 1mg | PO | ~~BID~~ Floor Stock | |
| Seroquel | 200mg | PO | HS | |
| TOPAMAX | 100 MG | PO | ONE TABLET BID | |

**Additional Comments:**

**Standard Precautions:**

## III. SPECIAL NEEDS AFFECTING TRANSPORTATION

| | |
|---|---|
| Is prisoner medically able to travel by BUS, VAN, or CAR? | Yes |
| Is prisoner medically able to travel by airplane? | Yes |
| Is prisoner medically able to stay overnight at another facility en route to destination? | Yes |
| Is there any medical reason for restricting the length of time prisoner can be in travel status? | No |
| Does prisoner require any medical equipment while in transport status? | No |

**Sign & Print Name - Certifying Health Authority:**
Deborah Shannon

**Phone Number:** 619 710 8339    **Date Signed:** 12/15/06

LT Deborah Shannon
Registered Nurse
ICE Medical Facility - San Diego

direct # 619-232-4371   FAX 619-595-0390

CAP No. 28485-01
CLIA No. 11D0646134

Barcode

2906 Julia Drive
Valdosta, Georgia 31602
1-800-342-7552
www.doctorslaboratory.com

PT. NAME (LAST) (FIRST) (MI)
Hollis Thomas Andrew

DOB  8 / 19 / 1967   FASTING  Y  (N)

MALE ☐    FEMALE ☐

BILL TO  ☐ CLIENT  ☐ PATIENT  ☐ WORKERS COMP
☐ INSURANCE  ☐ MEDICARE  ☐ MEDICAID

PATIENT INFO
STREET  One Church St  US Magrshol
CITY  Montgomery  STATE  Al  ZIP  361

INSURED'S NAME

PATIENT'S RELATIONSHIP TO INSURED
☐ SELF  ☐ SPOUSE  ☐ CHILD  ☐ OTHER

CALL RESULTS TO:          FAX RESULTS TO:
NAME                      NAME
NUMBER                    NUMBER

436191
U.S. MARSHALS SERVICE
MONTGOMERY JAIL
320 NORTH RIPLEY STREET
MONTGOMERY, AL. 36104

334-241-2541

**PRIMARY INSURANCE**
☐ MEDICARE #
☐ MEDICAID #                STATE
☐ SUBSCRIBER #              GROUP
INSURANCE CO.
ADDRESS
CITY          STATE          ZIP

**SECONDARY INSURANCE**
☐ MEDICARE #
☐ MEDICAID #                STATE
☐ SUBSCRIBER #              GROUP
INSURANCE CO.
ADDRESS
CITY          STATE          ZIP

REQUIRED    ICD -9 DIAGNOSIS CODES FOR TESTS ORDERED    REQUIRED

Dx Code 17.8

Serum testosterone
Serum free testosterone

| TEST # | AMA APPROVED PANELS | CPT | CONT | TEST # | | CPT | CONT | TEST # | | CPT | CONT | MICROBIOLOGY | CODE(S) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8793 | ACUTE HEPATITIS PANEL* | 80074 | SST | | **GLUCOSE SERIES** | | | 150 | PT (PROTHROMBIN TIME)* | 85610 | B | CHLAMYDIA & GC- AMPLI DNA (Genital) | |
| 547 | BASIC METABOLIC PANEL* | 80048 | SST | 503 | FBS-FASTING GLUCOSE* | 82947 | SST | 43100 | PSA, MEDICARE ONLY | G0103 | SST | CHLAMYDIA & GC- AMPLI DNA (Urine) | |
| 528 | COMP METABOLIC PANEL* | 80053 | SST | 566 | 1 HR PP GLUCOSE | 82947 | SST | 149 | PTT (PARTIAL THROMBOPLAS.)* | 85730 | B | VAGINITIS PROFILE - DNA Probe for Trichomonas,Candida,Gardnerella | |
| 529 | ELECTROLYTE PANEL | 80051 | SST | 592 | OB 1 HR | 82950 | SST | 130 | RHEUMATOID TEST (QUANT) | 86431 | SST | GIARDIA DETECTION BY IFA | |
| 5234 | HEPATIC FUNCTION PANEL* | 80076 | SST | 555 | 2 HR PP GLUCOSE | 82947 | SST | 335 | RUBELLA (IgG) | 86762 | SST | GROUP 'B' STREP. CULTURE (Genital) | 87070 |
| 8819 | LIPID PANEL * | 80061 | SST | 9764 | FASTING & 1 HR GLUCOSE | 82950 | 2 SST | 132 | RPR* | 86592 | SST | GROUP 'B' STREP. CULTURE (Urine) | 87061 |
| 8908 | OBSTETRIC PANEL | 80055 | RT,LAV | 556 | FASTING & 2 HR GLUCOSE | 82950 | 2 SST | 133 | SED RATE (WESTERGREN) | 85652 | L | GENITAL CULTURE | 87070 |
| 5242 | RENAL PANEL | 80069 | SST | 551-554 | GLUC. TOLERANCE _____ HR | 82951/2 | n-SST | 515 | SGOT (AST) | 84450 | SST | HERPES SIMPLEX CULTURE Source: | |
| 305 | AMYLASE, SERUM | 82150 | SST | 585-588 | OB GTT SERIES _____HR. | 82951/2 | n-SST | 516 | SGPT (ALT) | 84460 | SST | STOOL CULTURE | |
| 216 | ANA | 86038 | SST | 418 | HCG, QUANTITATIVE* | 84702 | SST | 417 | T3 (TRIIODOTHYRONINE)* | 84480 | SST | OVA & PARASITE EXAM. | 87177 |
| 177 | ANTIBODY SCREEN | 86886 | L | 329 | HDL, CHOLESTEROL* | 83718 | SST | 407 | T3 UPTAKE* | 84479 | SST | OCCULT BLOOD TEST (Fecal)* | 82270 |
| 401 | B12, VITAMIN | 82607 | SST | 347 | HEMOGLOBIN A1C* | 83036 | L | 408 | T4 (THYROXINE)* | 84436 | SST | CLOSTRIDIUM DIFFICILE TOXINS A&B | 87324 |
| 504 | BUN (BLOOD UREA NITROGEN) | 84520 | SST | 372 | HEPATITIS B CORE AB (IgM) | 86705 | SST | 353 | THEOPHYLLINE | 80198 | SST | GIARDIA DETECTION BY IFA | 87299 |
| 703 | CA-125 (CANCER ANTIGEN) * | 86304 | SST | 412 | HEPATITIS B SURF. ANTIGEN | 87340 | SST | 415 | TSH* | 84443 | SST | WBC's EXAM. (Fecal) | 89055 |
| 264 | CARBAMAZEPINE (TEGRETOL) | 80156 | SST | 421 | HEPATITIS B SURF. ANTIBODY | 86706 | SST | 506 | URIC ACID, SERUM | 84550 | SST | FECAL FAT (SUDAN STAIN) | 82705 |
| | CBC * | 85025 | L | 9716 | HEPATITIS C, ANTIBODY | 86803 | SST | 134 | URINALYSIS* | 81001 | U | ROTAVIRUS DETECTION BY EIA | 87425 |
| | CEA (CARCINOEMBRYONIC AG)* | 82378 | SST | 9992 | HIV 1/2 ANTIBODY SCREEN* | 86703 | SST | 379 | VALPROIC ACID | 80164 | SST | URINE CULTURE* | 87086 |
| | CHOLESTEROL. * | 82465 | SST | 9630 | HOMOCYSTEINE | 83090 | SST | | **GENERAL CHEMISTRIES** | | | SPUTUM CULTURE* | 87070 |
| | CORTISOL, SERUM (AM) | 82533 | SST | 317 | IMMUNOGLOBULINS (G,A,M) | 82784x3 | SST | | 24 HOUR TV: _____ Random UR ☐ | | | BLOOD CULTURE | 87040 |
| | CORTISOL, SERUM (PM) | 82533 | SST | 320 | IRON & TIBC* | 83550 | SST | | | | | THROAT CULTURE (Complete) | 87070 |
| | CPK, TOTAL | 82550 | SST | 513 | LDH, TOTAL | 83615 | SST | 536 | CREATININE CLEARANCE | 82575 | SST,U | THROAT CULTURE (Beta Strep. only) | 87070 |
| | CREATININE, SERUM | 82565 | SST | 854 | LITHIUM | 80178 | SST | | WT _____ HT _____ | | | WOUND CULTURE Source: | 87070 |
| | CRP | 86140 | SST | 425 | LH (LUTEINIZING HORMONE) | 83002 | SST | | | | | MISCELLANEOUS CULTURE Source: | 87070 |
| | CRP, HIGHLY SENSITIVE | 86141 | SST | 325 | MAGNESIUM | 83735 | SST | 8282 | UREA CLEARANCE | 84545 | SST,U | BODY FLUID CULTURE Source: | 87070 |
| | DIGOXIN* | 80162 | SST | 123 | MONO SCREEN | 86308 | SST | 327 | URINE PROTEIN | 84156 | U | FUNGUS CULTURE (Non-Systemic) | 87101 |
| | DILANTIN | 80185 | SST | 414 | PHENOBARBITOL | 80184 | SST | 9752 | MICROALBUMIN | 82043 | U | SKIN SCALE Source: | |
| | ESTRADIOL | 82570 | SST | 518 | POTASSIUM | 84132 | SST | 351 | MICROALB/CREAT RATIO (82043) | 82570 | U | GRAM STAIN Source: | 87205 |
| | FERRITIN, SERUM* | 82728 | SST | 411 | PREGNANCY TEST (QUAL) | 84703 | SST | 8054 | PROTEIN/CREAT RATIO (84156) | 82570 | U | KOH PREP. Source: | 87220 |
| | FOLATE, SERUM | 82746 | SST | 924 | PROGESTERONE | 84144 | SST | | KEY: SST=SERUM SEPARATOR TUBE    L=LAVENDAR | | | | |
| | FREE T4* | 84439 | SST | 419 | PROLACTIN | 84146 | SST | | RT=PLAIN RED TOP    n-SST=REQUIRES MULTIPLE TUBES | | | | |
| | TSH, SERUM | 83001 | SST | 431 | PROSTATE SPEC. ANTIGEN* | 84153 | SST | | B=BLUE TOP    U=URINE | | | | |

Key: PT = ProbeTec; SC = Sterile Container; VP = VP Collection;
UP = Urine with Preservative; SW = Culture Swab;
BC = Blood Culture Bottle(s); Mt = Multi-transcort Medium

Form # F-DLI-021A Rev.

...patient of any payor (including Medicare and Medicaid) that has a medical necessity requirement, you should only order those tests which are medically
...y for the diagnosis and treatment of the patient.

DOCTORS LABORATORY, INC

DIRECTOR                    2906 JULIA DRIVE, VALDOSTA GEORGIA 31604
JACKSON L. GATES, M.D.        PHONE (229)244-4468            **REPRINT**

PATIENT:   HOLLIS,THOMAS ANDREW        SEX,SP: M
PT PHONE:                       FASTING: NO       COLLECTED: 01/25/2007-11:15 AM
ACCESSION: K5995329         AGE,DOB: 39,06/19/1967   RECEIVED: 01/25/2007-4:46 PM
PT ID#:                         REQ#:             REPORTED: 01/26/2007-3:05 PM
MED REC#:                        RM#:             ROUTE/STOP: 9501       PAGE 1
PHYSICIAN: MENDEZ
CLIENT:    U.S. MARSHALS SERVICE              ACCOUNT NO. 436191
           MONTGOMERY JAIL
           320 NORTH RIPLEY STREET
           MONTGOMERY, AL. 36104

----------------------------------------------------------------------------
     TEST NAME         WITHIN RANGE  OUTSIDE RANGE   NORMAL RANGE      UNITS
----------------------------------------------------------------------------
PSA, TOTAL (ROCHE METHOD)
  TOTAL PSA              0.59                          0-1.4           NG/ML
TESTOSTERONE / FREE TESTOSTERONE
TESTOSTERONE             3.78                          2.8-8.0         NG/ML
FREE TESTOSTERONE       10.4                           8.8-27.0        PG/ML

                     *** FINAL REPORT ***

EXCEPT WHERE NOTED: TEST PERFORMED AT DOCTORS LABORATORY INC., VALDOSTA, GA

000027

The following Laboratory Reports are being provided
per the Client's request and are considered
confidential and for use by the responsible
party only.

If you have any questions about these reports
or believe you have received these reports in
error, please contact: Doctors Laboratory, Inc
                       2906 Julia Drive
                       Valdosta, Georgia 31504
                       Phone: (229)244-4468
                              (800)342-7552
                       Att:Client Services Dept.

## MONTGOMERY POLICE DEPARTMENT
## THE MONTGOMERY MUNICIPAL JAIL

### AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

I_____, request _____to release
any information they may have acquired while attending me for medical, dental, or
psychiatric problem to:

        Dr. Marcial Mendez (Jail Physician)
        P.O. Drawer 159
        Montgomery, AL 36104
        Phone: (334) 241-2645   Fax: (334) 241-2864

*I UNDERSTAND THAT INFORMATION RELEASED MAY CONTAIN
SENSITIVE INFORMATION CONCERNING PSYCHOLOGICAL, DRUG,
ALCOHOL AND/OR AIDS TESTING.

I understand my records are protected under state and/or federal privacy laws and cannot
be disclosed to any other outside party without my written consent unless otherwise
provided for by state or federal law.  Records received will be kept within the patient's
medical file within the facility medical unit and be used in the ongoing provision of
health care services.

**Please send requested documents
on the following patient:**

X Patient Name: _Thomas Holls_____ Birth Date: _6/19/67_

Social Security Number: _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_____

Date(s) of Services: _____

Inmate's Signature: _____ Date:_____

Witness:_____ Date:_____

This authorization may be revoked in writing at any time by the patient or his/her legal representative.
Such revocation shall not apply retroactively to any previous disclosures made based on the original
authorization.  Unless revoked, this authorization shall be effective for a period not to exceed 60 days from
the date of authorizing signature.

* FEDERAL REGULATION (42 CFR PART 2) PROHIBIT DISCLOSURE OF SENSITIVE
INFORMATION WITHOUT THE CONSENT OF THE PERSON TO WHOM THE
INFORMATION RELATES.

DEAR CLERK / JUDGE COODY

FEB 9:02
1-29-07

I'm writing you in Regards

to case Number 2.07 CV-4 WKW

Thomas Andrew Hollis
Plaintiff

v.

Nuke more, et Al
Defendants,

CIVIL ACTION NO
2:07 CV-47-W

I got An Order From The court
And I Just don't KNOW OR UNDERSTAND
what to do. I WAS Found With A
Diminished MentAl CAPACity in Judge
Myron H. THOMPSON's court in April or
may OF 2004. THE JAIl hAs SAid THey
will treat me So IF It SuitS THe
court I'll Dismiss THe case.

THomAs Hollis
10018-002

Log for
Montgomery City Jail
3342412864
1/5/2007 1:51PM

Last Transaction

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| 01/05 | 01:49p | Fax Sent | 916195950390 | 1:58 | 2 | OK |



# City of Montgomery, Alabama

Bobby N. Bright
Mayor

*Montgomery City Council Members*

Charles W. Jinright – President   Cornelius Calhoun   Glen O. Pruitt, Jr.
James A. Nuckles – Pro Tem   Tim Head   Martha Roby
Willie Cook   Janet Thomas May   Jim Spear

BUSINESS NUMBER
(334)   241-2651

FAX NUMBER
(334)   241-2333



DATE _1/05/07_

TIME _0205_

TO _Mcc Corr. facility_

FAX- _619-595-0580_

FROM _Municipal Jail_

PHONE _241-2645_

NUMBER OF PAGES _____
INCLUDING COVER
PAGE.

MESSAGE:

_____

_____

_____

_____

_____

_____

_____

_____



*Col. Arthur D. Baylor – Chief of Police * P.O. Box 159 * Montgomery, Alabama 36101-0159 * Phone (334) 241-2651 * Fax (334) 241-2333*

**000032**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THOMAS ANDREW HOLLIS,      )
                        )
      Plaintiff,             )
                        )
v.                          )   Case No. 2:07-CV-47-WKW
                        )
NURSE MOORE, et al.,        )
                        )
      Defendant.          )

## AFFIDAVIT OF DR. MARCIAL J. MENDEZ

STATE OF ALABAMA        )

COUNTY OF MONTGOMERY   )

Before me, a Notary Public in and for said County and State, personally appeared Marcial Mendez, after first being duly sworn, did depose and state as follows:

1.      My name is Dr. Marcial J. Mendez. I am over nineteen years of age. In 1985, I became a licensed physician in the State of Alabama.

2.      I maintain a private practice in Wetumpka, Alabama. However, I am also under contract with the city of Montgomery as the attending physician at the Montgomery Municipal Jail. I have acted in that capacity for approximately five years.

3.      I have treated Thomas Hollis on many occasions and have regularly prescribed medications to him during his recent incarceration at the Montgomery Municipal Jail. In my capacity as the physician at the jail, I provide Mr. Hollis with the same standard of medical care that I do all of my patients. I have never denied Mr. Hollis proper medical treatment.

DEFENDANT'S
EXHIBIT
3

4.    The nursing staff at the Montgomery Municipal Jail triages the inmates and schedules me to see them. Generally, I go to the Montgomery Municipal Jail twice a week to see patients. However, I am on call to the nursing staff at the jail twenty four hours a day, seven days a week.

5.    I treated Thomas Hollis on December 27, 2006 in regard to a request for multiple medications. I asked him to sign a release and informed him whatever medications he had previously been taking, we would continue those medications.

6.    Mr. Hollis completed his release for medical information on January 5, 2007.

7.    On January 22, 2007, Mr. Hollis advised that he wanted to continue on depo testosterone injections for his hypogonadism. I reviewed Mr. Hollis' records provided to the Montgomery Municipal Jail and found he had been prescribed Androgel and depo testosterone previously; however, I reviewed the Department of Justice, Federal Bureau of Prisons Pill Line Medication Sheet which did not have depo testosterone listed as a medication he was taking at the time of his previous incarceration. The Department of Justice, Federal Bureau of Prisons Pill Line Medication Sheet is the official sheet that I use when reviewing medications an inmate takes prior to his incarceration with the Montgomery Municipal Jail. I explained to Mr. Hollis that the official medication sheet, provided by the Department of Justice, did not have the depo testosterone listed and that I would need to contact the Department of Justice for further clarification.

8.    On January 25, 2007, I discussed Mr. Hollis' testosterone with him again. During this visit I explained that I had ordered the depo testosterone, but after speaking with a urologist, it was decided that it would be more prudent before he received the

testosterone that we check his testosterone level. I ordered a testosterone level, free testosterone, and a PSA test. I explained to Mr. Hollis that depending on the levels, I would give him the medication. In fact, I showed him that we had ordered the medication and the actual vial of depo testosterone. Mr. Hollis became very belligerent and wanted to know why the records from his last place of incarceration could not be used. I explained to Mr. Hollis that I had reviewed the records provided to the Montgomery Municipal Jail and the Department of Justice, Federal Bureau of Prisons Pill Line Medication Sheet. I advised that the Department of Justice, Federal Bureau of Prisons Pill Line Medication Sheet did not show he was taking depo testosterone at the time he re-entered the Montgomery Municipal Jail. I advised again, that we would draw a level and depending on the level, I would be happy to give him the medication. Mr. Hollis continued to be belligerent, left and slammed the door. I asked Assistant Warden Brantley to speak with Mr. Hollis after he had calmed down to see if he would agree to let us draw his blood so that we could check his levels and proceed.

9. I attempted to contact the Federal Bureau of Prisons, but was unsuccessful. After several days, I received a call from the U.S. Marshal's Service, they informed me that they had contacted the pharmacy of the last place Mr. Hollis had been incarcerated and were advised he had previously been taking depo testosterone.

10. On January 29, 2007, I discussed the results of Mr. Hollis' testosterone levels with him. My notes indicate he was given 200mg IM of Depo Testosterone on that same morning and that we would repeat that amount in 14 days. I advised that he would need to recheck his level approximately one month from that date.

11.    Also, in Mr. Hollis' visit of January 29, 2007, he showed me a letter that he had written asking for his court case to be dismissed. I informed him that I could not mail the letter for him and he advised that he understood.

12.    If Mr. Hollis requested to see me any other time and was not treated by me, I was not made aware of his request. I have never denied medical treatment to anyone.

I have read the above and foregoing affidavit consisting in total of three (4) pages and state that it is true and correct to my present knowledge and information.

_____
Dr. Marcial Mendez

**SWORN to and SUBSCRIBED before me this the** 2nd **day of March, 2007.**

_____
Notary Public
My Commission Expires_ 10/16/09

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THOMAS ANDREW HOLLIS,      )
                                    )
    Plaintiff,                )
                                    )
v.                               )   Case No. 2:07-CV-47-WKW
                                    )
NURSE MOORE, et al.,          )
                                    )
    Defendant.              )

## AFFIDAVIT OF M. E. BRANTLEY

Before me, the undersigned authority, personally appeared M.E. Brantley, who is known to me and who, being first duly sworn, deposed on oath, and says as follows:

My name is M. E. Brantley. I am over nineteen years of age. I have been employed with the City of Montgomery since 11/16/78. I am the Assistant Warden of the Montgomery Municipal Jail. It is in that capacity that I state the following:

1.     Thomas Hollis was incarcerated at the Montgomery Municipal Jail, December 20, 2006 through February 26, 2007.

2.     I was present during two visits that Mr. Hollis had with Dr. Mendez. The dates of these visits were January 25, 2007 and January 29, 2007.

3.     On January 25, 2007, I witnessed Dr. Mendez meet with Mr. Hollis. During this visit Dr. Mendez explained to Mr. Hollis' that his depo testosterone had been ordered, but after speaking with a urologist, he had decided to check his testosterone levels. Dr. Mendez ordered the testosterone test and explained that depending on his levels, he would give him the medication. Dr. Mendez attempted to explain to Mr. Hollis that he had reviewed his records, but the Department of Justice, Federal Bureau of



Prisons Pill Line Medication Sheet did not show that he had been taking depo testosterone. He tried to tell him that further clarification was needed. Mr. Hollis became very belligerent during this meeting, left and slammed the door.

4.    On January 29, 2007, I witnessed Mr. Hollis meet with Dr. Mendez to view the results of his testosterone test. Dr. Mendez advised that he would give him 200mg IM of depo testosterone that morning and would repeat in approximately 14 days. In this same visit, Mr. Hollis handed Dr. Mendez an envelope with a document he had written stating he wanted his court case dismissed.

I have read the above and foregoing affidavit consisting in total of three (3) pages and state that it is true and correct to my present knowledge and information.

_M.E. Brantley_
M.E. Brantley, Assistant Warden

**SWORN to and SUBSCRIBED before me this the** 2nd **day of March, 2007.**

_Susan A. Grant_
Notary Public
My Commission Expires _07/11/07_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

THOMAS ANDREW HOLLIS,  )
          )
  **Plaintiff,**    )
          )
v.         ) **Case No. 2:07-CV-47-WKW**
          )
NURSE MOORE, et al.,   )
          )
  **Defendant.**   )

### AFFIDAVIT OF NURSE LUCILE MOORE

STATE OF ALABAMA   )

COUNTY OF MONTGOMERY  )

Before me, a Notary Public in and for said State and County, personally appeared Lucile Moore and, after first being duly sworn by me, did depose and state as follows:

My name is Lucile Moore. I am over nineteen years of age. I am currently employed as a Nurse with the Montgomery City Jail. I have been employed by the Montgomery City Jail as a Nurse since 1997.

1. I was told by Dr. Mendez to get Thomas Hollis' medical records from his previous place of incarceration. I faxed a medical records release to this institution, but never received a response.

2. Mr. Hollis asked me why he could not have his depo testosterone shot and I informed him that we could not give him the shot until Dr. Mendez had reviewed his medical records.

3. I never told Mr. Hollis that Dr. Mendez would not see him.



I have read the above and foregoing affidavit consisting in total of three (2) pages

and state that it is true and correct to my present knowledge and information.

Lucile Moore, Nurse

**SWORN to and SUBSCRIBED before me this the** 2nd **day of March, 2007.**

Notary Public

My Commission Expires 07/11/07